

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2009

# USA v. Christopher Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2483

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Christopher Jones" (2009). *2009 Decisions.* Paper 1250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2483

UNITED STATES OF AMERICA

v.

CHRISTOPHER D. JONES,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 4-03-cr-00201-001)
District Judge:  Hon. Malcolm Muir

Submitted under Third Circuit LAR 34.1(a)
on March 3, 2009

Before:  BARRY, WEIS and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 2, 2009)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

Christopher Jones was convicted of possession with intent to distribute and distribution of less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 262 months of imprisonment. Jones raises three challenges to his convictions and two challenges to his sentence. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We assume the parties' familiarity with the facts and the record of prior proceedings, which we describe only as necessary to explain our decision. We will affirm.

First, Jones contends that the District Court erred in permitting the government to argue that "movement of the drugs from point A to point B" constituted "distribution" and that this error mandates vacating his conviction. Jones alleges no defect in either the indictment or the definition of "distribution" offered in the jury instructions, nor does he challenge the sufficiency of the evidence with respect to the "possession with intent to distribute" prong of his conviction; rather, he contends that the government's closing arguments regarding "distribution" included misstatements of the law. Arguments, however, are not evidence, *see Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 210 (3d Cir. 1992), and the District Court properly instructed the jury as follows: "If any difference appears to you between the law as stated by counsel and that as stated by the Court in our instructions, you of course are to be governed by the instructions given to you by the Court." At most, then, Jones's complaint is that the government failed to meet its

2

factual burden with respect to "distribution." Our review of the record demonstrates that there was ample evidence of possession with intent to distribute. Accordingly, under our precedents, we must "assume that the jury convicted on the factually sufficient theory [of possession with intent to distribute] and [must] let the jury verdict stand." *See United States v. Syme*, 276 F.3d 131, 144 (3d Cir. 2002).[1]

Second, Jones argues that the District Court abused its discretion in permitting the government to cross-examine him concerning his two prior felony drug convictions. The convictions, however, were relevant to impeach Jones's testimony under Federal Rule of Evidence 609(a) and probative of his intent under Federal Rule of Evidence 404(b). *See United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007) (noting that similar, recent prior convictions are more likely to be relevant for purposes of Rule 609(a)); *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992) (citing with approval *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977), in which evidence of prior transportation of marijuana was admissible to show intent in a subsequent prosecution for possession of marijuana with intent to distribute). The District Court properly weighed the probative value of these convictions against the potential prejudice to Jones and did not abuse its discretion in admitting them.

Third, Jones argues that he was the victim of racial discrimination when the

---

[1] We thus do not reach the question whether transportation of drugs, by itself, could amount to "distribution" under 21 U.S.C. § 841(a)(1).

prosecutor ordered background checks on three potential jurors, including the only African American juror, and then challenged that juror for cause when it was determined he had lied about his criminal history and involvement with drugs. This argument fails because the principles of *Batson v. Kennedy*, 476 U.S. 79 (1986), apply only to peremptory strikes. *See, e.g., United States v. Elliott*, 89 F.3d 1360, 1365 (8th Cir. 1996) ("We know of no case that has extrapolated the *Batson* framework to for-cause strikes."); *United States v. Blackman*, 66 F.3d 1572, 1575 n.3 (11th Cir. 1995) ("[N]o authority suggests *Batson* extends to the area of challenges for cause."); *cf. United States v. DeJesus*, 347 F.3d 500, 506 (3d Cir. 2003) ("In order to make a prima facie showing [under *Batson*], the defendant must show that the government has *exercised peremptory challenges* to remove members of a particular race from the venire." (emphasis added)). Not only was the juror in question challenged for cause, but Jones does not argue that the juror was improperly excluded.

Jones next argues that his within-Guidelines sentence of 262 months was unreasonable because his designation as a "career offender" does not accurately reflect his criminal history or the seriousness of his crime, does not further the purposes of sentencing under 18 U.S.C. § 3553(a), and results in racial discrimination. The District Court, however, adequately weighed each of the relevant statutory factors, offered a lengthy colloquy, and determined that a sentence of 262 months was appropriate in this instance. *See United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) ("The touchstone of

reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." (internal quotation marks omitted)). This sentence was, thus, not an abuse of discretion.

Finally, Jones argues that the District Court violated his Sixth Amendment rights by failing to place the question of his prior felony drug conviction before a jury before using it to increase his sentence beyond the otherwise-applicable statutory maximum of twenty years. This argument fails because it is well-established that a court, rather than a jury, may determine the fact of a prior conviction for purposes of sentencing. *See United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005). Additionally, Jones admitted to his prior convictions under oath, so they were not in dispute.

Accordingly, we will affirm Jones's judgment of conviction and sentence.