**Christopher JONES, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBA-TION AND PAROLE; Pennsylvania Department of Corrections; Commonwealth of Pennsylvania.**

No. 10–2944.

United States Court of Appeals, Third Circuit.

Argued Jan. 25, 2012.

Filed: July 25, 2012.

Bruce A. Antkowiak, Esquire (Argued), Pittsburgh, PA, for Appellant.

Kenneth A. Osokow, Esquire (Argued), Eric L. Linhardt, Esquire, Lycoming County Office of District Attorney, Williamsport, PA, for Appellee.

Before: AMBRO, CHAGARES, and HARDIMAN, Circuit Judges.

OPINION

CHAGARES, Circuit Judge.

Petitioner Christopher Jones appeals the District Court's denial of his petition for a writ of habeas corpus challenging his conviction in Pennsylvania state court. For the reasons that follow, we will affirm the District Court's denial of Jones's petition.

I.

As we write solely for the parties' benefit, we recite only the facts essential to our disposition. This case arises from Jones's decision to plead guilty in January 2001 in the Court of Common Pleas of Lycoming County, Pennsylvania to a felony drug offense. After pleading guilty, Jones was incarcerated for two years and released on state parole. Years later, on November 13, 2007, a federal jury in a separate criminal action convicted Jones of possession with intent to distribute cocaine. At sentencing, over Jones's objection, the United States District Court for the Middle District of Pennsylvania held that Jones was a career offender under the advisory United States Sentencing Guidelines and sentenced him to 262 months of incarceration. The non-career offender advisory Sentencing Guidelines range for that offense was

57–71 months. This Court affirmed the attribution of career-offender status and the sentence. *United States v. Christopher Jones,* 332 Fed.Appx. 767 (3d Cir. 2009).

On March 3, 2009, Jones filed pro se this 28 U.S.C. § 2254 petition for a writ of habeas corpus, challenging his 2001 state court conviction. He claimed that he was deprived of his Sixth Amendment right to effective assistance of counsel when he pled guilty because his attorney erroneously assured him that he would not be subject to an enhanced sentence at a later time due to his guilty plea. To the contrary, in his federal case he was classified as a career offender due to his 2001 conviction and was given an enhanced sentence. Jones alleged that, but for the erroneous advice, he would have chosen to proceed to trial in his Pennsylvania case.

The District Court held that Jones's habeas petition was procedurally defaulted, as the state statutes of limitations barred Jones from raising his ineffective assistance of counsel claim in state court, and the procedural default could not be excused because Jones had not shown cause and prejudice for the default. Accordingly, the District Court denied his petition for a writ of habeas corpus. This Court granted a Certificate of Appealability on three issues:

(1) whether trial counsel was ineffective for providing Jones with misinformation regarding the collateral consequences of his guilty plea;

(2) whether Jones's claim was procedurally barred; and

(3) whether Jones's habeas petition was barred by the one-year statute of limitations under AEDPA [Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214].

Because we conclude that Jones's ineffective assistance of counsel claim is inexcusably procedurally defaulted, we will affirm the judgment of the District Court without addressing the other two issues raised in the Certificate of Appealability.

## II.

The District Court had jurisdiction over this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. The District Court did not hold an evidentiary hearing and relied on the state court record only. We exercise plenary review over the District Court's legal conclusions. *Lambert v. Blackwell,* 387 F.3d 210, 231 (3d Cir.2004). We also exercise plenary review over the District Court's determinations regarding exhaustion and procedural default. *Fahy v. Horn,* 516 F.3d 169, 179 (3d Cir.2008).

## III.

### A.

This Court may not grant a petition for a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "In order for a claim to be exhausted, it must be fairly presented' to the state courts by invoking one complete round of the State's established appellate review process." ' *Carpenter v. Vaughn,* 296 F.3d 138, 146 (3d Cir.2002) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)). The exhaustion requirement "ensures that state courts have an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Leyva v. Williams,* 504 F.3d 357, 366 (3d Cir.2007) (quotation marks omitted). Where a petitioner is clearly foreclosed from bringing an unexhausted claim in state court, the claim is procedurally de-

faulted. *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001).

Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause' to excuse the default and actual prejudice' as a result of the alleged violation of federal law or ... that failure to consider the claim will result in a fundamental miscarriage of justice." ' *Carpenter,* 296 F.3d at 146 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). To establish a fundamental miscarriage of justice, a petitioner must generally demonstrate "actual innocence." *Leyva,* 504 F.3d at 366. In order to show cause, a petitioner must ordinarily "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The failure to exhaust state remedies may be excused on the grounds of futility where there is "an absence of available State corrective process," or where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Carpenter,* 296 F.3d at 146. Futility also exists where

> a state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding a federal habeas petition and there is no plausible reason to believe that a replay will persuade the court to reverse its field.

*Lines v. Larkins,* 208 F.3d 153, 163 (3d Cir.2000) (quotation marks omitted).

After we heard argument in this case, the United States Supreme Court added a wrinkle to the procedural default analysis. In *Martinez v. Ryan,* the United States Supreme Court held that a prisoner may establish cause for the procedural default of an ineffective assistance of counsel claim by demonstrating that his or her counsel in an "initial-review collateral proceeding" provided ineffective assistance of counsel. —— U.S. ——, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012). What the Supreme Court termed "initial-review collateral proceedings" are collateral proceedings that "provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* Thus, the Court created a narrow exception to the rule set forth in *Coleman v. Thompson,* 501 U.S. at 753–54, 111 S.Ct. 2546, that an attorney's errors in a postconviction collateral proceeding do not constitute cause to excuse a procedural default. *Martinez,* 132 S.Ct. at 1315. The Court declined to hold, however, that there is a constitutional right to counsel in initial collateral review proceedings. *Id.*

The Court summarized the two situations in which a prisoner may establish cause for a default of an ineffective assistance claim:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Id.* at 1318. In addition to proving that one of those two situations applies, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* With respect to what constitutes a "substantial" claim, the Court suggested, by citing *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (describing standards for certificates of appealability

to issue), that courts should apply the standard for issuance of certificates of appealability.

### B.

Jones failed to exhaust his ineffective assistance of counsel claim because he did not raise it in state court at all: either on direct appeal or in a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). A criminal defendant normally has thirty days to file a direct appeal. 210 Pa.Code § 903(a). Under the PCRA, a criminal defendant has one year from a final judgment in his case to challenge his conviction. 42 Pa. Cons.Stat. § 9545(b)(1). Both of those deadlines had long expired by the time Jones allegedly discovered his attorney's error. Consequently, Jones had no avenue for exhausting his claim in state court. This Court has observed that the PCRA statute of limitations "is a jurisdictional rule that precludes consideration of the merits of any untimely PCRA petition, and it is strictly enforced in all cases[.]" *Whitney v. Horn*, 280 F.3d 240, 251 (3d Cir.2002). Moreover, the PCRA statute of limitations is not subject to equitable tolling, except as provided by statute. *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222 (1999). Thus, bringing a PCRA petition in March 2009, when he brought his habeas petition, would have been clearly foreclosed and, therefore, Jones's claim was procedurally defaulted.

First and foremost, Jones's failure to file a PCRA petition cannot be excused on the basis that he did not discover that his state trial attorney had misinformed him until he was later convicted of a federal crime. The PCRA includes an exception to the one-year statute of limitations where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence" before the statute of limitations period expired. 42 Pa. Cons.Stat.

§ 9545(b)(1)(ii). Under that exception, a petitioner has sixty days from the date that the claim could have been presented to file the PCRA petition. *Id.* § 9545(b)(2).

Despite that accommodation for later-discovered facts in the PCRA, Jones is barred from raising his claim in state court by the PCRA statute of limitations. Even if we assume, without holding, that the factual predicate for Jones's ineffective assistance of trial counsel claim was not established until the date of his federal sentencing on May 12, 2008, his PCRA petition would still have been time-barred because he had sixty days after his federal sentencing to file a petition and he did not do so. Instead, Jones waited until March 2009 to raise his claim for the very first time in his federal habeas petition. Thus, the later-discovered facts do not excuse Jones's total failure to seek PCRA relief.

Jones maintains that his failure to file a PCRA petition within one year of his sentencing in state court should be excused because his state trial attorney failed to inform him of the possibility of bringing a PCRA petition and he was misled into believing that ineffective assistance of counsel claims could only be brought on direct appeal. Jones also argues that it would have been futile to file a PCRA petition at that time because Pennsylvania courts had held that ineffective assistance of counsel claims relating to counsel's errors during plea bargaining could not be brought in a PCRA petition. *Commonwealth ex rel. Dadario v. Goldberg*, 565 Pa. 280, 773 A.2d 126, 128 (2001).

While those arguments may have held weight in 2001 or 2002, they do not establish adequate cause for Jones's failure to file a PCRA petition within sixty days of his federal sentence in 2008. At that point, the legal barrier that Jones raises

no longer existed. *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726, 728 (2002) (holding that ineffective assistance of counsel claims should be reserved for the collateral review stage and not brought on direct appeal). Moreover, Jones has alleged that he did not even consider contesting his trial counsel's ineffectiveness until he was sentenced in federal court in May 2008. That assertion is the basis for his argument that his habeas petition is not time-barred by the AEDPA statute of limitations. Thus, Jones has not established that he would have actually filed a PCRA petition in 2001 or 2002. As a result, he has not demonstrated that either the law at the time, or his attorney's failure to inform him of that PCRA option, prejudiced him, and neither of those constitutes cause to excuse his failure to file a PCRA petition after his federal sentencing.

Jones next asserts that raising his ineffective assistance of counsel argument in a PCRA petition would have been futile because Pennsylvania courts have held that a petitioner cannot show deficiency supporting an ineffective assistance of counsel claim where an attorney's faulty advice relates to a collateral consequence of his guilty plea. *Commonwealth v. Abraham,* 996 A.2d 1090, 1092 (Pa.Super.2010). Jones acknowledges that the possibility of a future sentence enhancement is a collateral consequence to his guilty plea. Appellant's Br. 35.[1] Although there may have been a strong possibility that the Pennsylvania court would rule against him, there was no Pennsylvania case addressing Jones's specific claim and, thus, the result of his case was not predetermined. Because the result of his claim was uncertain, Jones's failure to raise the claim in state court undermined the purpose of the exhaustion requirement, which is to allow the state courts to pass on an issue in the first instance. *See Lines,* 208 F.3d at 163 ("The fact that it is merely unlikely that further state process is available is therefore insufficient to establish futility[.] [I]f we permitted such a prediction to constitute the type of futility which would allow a federal court to excuse exhaustion, we would undermine the exhaustion doctrine."). Once Jones was aware of the factual predicate for his ineffective assistance of counsel claim, he should have brought his claim in a PCRA petition to give the state courts the chance to weigh in before federal adjudication of the claim.

Finally, Jones's failure to file a PCRA petition cannot be excused by *Martinez* because he failed to initiate any state collateral review proceeding at all. The rule in *Martinez* is triggered either where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial or where appointed counsel in the initial-review collateral proceeding was ineffective. The Supreme Court was adamant that its holding in *Martinez* created a "limited" and "narrow" exception to the rule established in *Coleman.* 132 S.Ct. at 1315, 1319. Because the Court spoke only of applying its exception to an "initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]"

---

1. It is unclear whether the collateral/direct consequence analysis is still relevant after the Supreme Court's holding in *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). In *Commonwealth v. Abraham,* the Pennsylvania Superior Court suggested that the ineffective assistance of counsel analysis may have changed in light of *Padilla.* 996 A.2d at 1092–95. The *Abraham* case is on appeal and directly presents the question of whether *Padilla* forecloses the direct/collateral distinction in deciding ineffective assistance of counsel claims related to the plea bargaining stage. *Commonwealth v. Abraham,* 607 Pa. 618, 9 A.3d 1133 (2010).

we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. *Id.* at 1318. Were it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review.

For the foregoing reasons, Jones has not demonstrated adequate cause for his failure to raise his ineffective assistance of counsel claim in a timely PCRA petition. Nor has he alleged or shown actual innocence to support a fundamental miscarriage of justice argument. We hold, therefore, that Jones's ineffective assistance of counsel claim is inexcusably procedurally defaulted. Because we agree with the District Court on that dispositive question, we will not address the statute of limitations issue or the merits of Jones's ineffective assistance of counsel claim, and we will affirm the judgment of the District Court.