PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.

No. 98 MAP 2001.

Supreme Court of Pennsylvania.

Sept. 5, 2001.

### ORDER

PER CURIAM:

**AND NOW,** this 5th day of September, 2001, probable jurisdiction is noted and the order appealed is affirmed.

COMMONWEALTH of Pennsylvania, Respondent,

v.

Deron X. HOLLOWAY, Petitioner.

Supreme Court of Pennsylvania.

Sept. 5, 2001.

### ORDER

PER CURIAM

**AND NOW,** this 5th day of September, 2001, as it appears that at trial, petitioner was pro se with stand-by counsel; and subsequent to trial, new counsel was appointed to represent petitioner in his appeal to the Superior Court; and that appeal resulted in an affirmance of the judgment of sentence, and

Pa. R.Crim. P. 122(C)(3), formerly 316(c)(iii) requires that: "Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal,"

THEREFORE, petitioner's counsel, appointed in connection with his appeal to Superior Court, is directed to proceed in accordance with the Rule.

COMMONWEALTH of Pennsylvania, Respondent,

v.

Dewhight A. HICKMAN, Petitioner.

Supreme Court of Pennsylvania.

Sept. 11, 2001.

### ORDER

PER CURIAM:

**AND NOW,** this 11th day of September, 2001, the Petition for Allowance of Appeal is GRANTED, and the matter is VACATED and REMANDED to the Superior

Court for consideration of the merits of petitioner's claim that plea counsel rendered ineffective assistance when he advised petitioner that he would be eligible to participate in the motivational boot camp program after serving two years of his four year minimum sentence. *See Commonwealth ex. rel. Dadario v. Goldberg*, 773 A.2d 126, 131 (Pa.2001) (ineffective assistance of counsel claims that arise from plea bargaining process are eligible for review under § 9543(a)(2)(ii) of Post Conviction Relief Act).