J-S48034-14

2014 PA Super 274

COMMONWEALTH OF PENNSYLVANIA,   :  IN THE SUPERIOR COURT OF
  :      PENNSYLVANIA
           Appellee,   :
  :
               v.   :
  :
KEYON TYRELL FREELAND,   :
  :
           Appellant   :  No. 1790 MDA 2013

Appeal from the PCRA Order September 25, 2013,
Court of Common Pleas, York County,
Criminal Division at No. CP-67-CR-0001946-2011

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

CONCURRING OPINION BY DONOHUE, J.:     **FILED DECEMBER 11, 2014**

I agree with the learned Majority that PCRA counsel fulfilled the mandates of **Turner/Finley**; that the issues raised in Appellant's PCRA petition have no merit; and that Appellant's pro se response to counsel's **Turner/Finley** letter does not entitle him to relief.[1]  I depart, however, from certain of the analysis and reasoning it employs in reaching its decision.  Specifically, I disagree with (1) the scope of review utilized by the Majority to address the question of whether the PCRA court properly found that counsel had not abandoned Appellant on appeal; and (2) its discussion

---

[1]  The Majority states that Appellant appeals pro se from the PCRA court's order.  This is inaccurate.  Although Appellant has submitted a pro se brief on appeal in response to PCRA counsel's **Turner/Finley** no-merit letter, he is represented by counsel on appeal, and continues to be until this Court finds that counsel has fulfilled the requirements of **Turner/Finley** and is entitled to withdraw from representing Appellant.

*Retired Senior Judge assigned to the Superior Court.

of the law relating to Appellant's claims of trial counsel's ineffectiveness. My reasoning follows.

In his first issue raised in his pro se brief, Appellant challenges the PCRA court's finding that PCRA counsel did not abandon him on appeal. The record reflects that after his appointment to represent Appellant, PCRA counsel filed an amended PCRA petition, represented Appellant at the PCRA hearing, filed a notice of appeal from the PCRA court's decision, and filed the court-ordered 1925(b) statement on Appellant's behalf, but then failed to file a brief on appeal. We therefore remanded the case to the PCRA court for a determination of whether counsel abandoned Appellant. Upon hearing PCRA counsel's explanation, the PCRA court entered an order finding that counsel had not abandoned Appellant.

I disagree with my esteemed colleagues that we review the PCRA court's finding on this question in the light most favorable to the Commonwealth. **See** Maj. Op. at 13 (citing **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014)). I acknowledge that the decision before us was made by the PCRA court and that our oft repeated scope of review for a PCRA court's decision "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Spotz**, 84 A.3d at 311. Assuming for the sake of discussion that this is the appropriate scope of review for a question of

whether counsel abandoned his client during a then-pending PCRA appeal,[2] the prevailing party cannot be the Commonwealth, and could only arguably be the appellant's counsel.[3] The Commonwealth's interests are wholly unaffected by the court's decision on this issue; it has no stake in the matter. Indeed, apart from its presence in the courtroom, the record reflects that the Commonwealth did not participate in the remand hearing in any fashion.

Nonetheless, as the Majority correctly concludes, the record supports the PCRA court's conclusion that counsel did not abandon Appellant. Counsel testified that he drafted a ***Turner/Finley*** letter in lieu of an appellate brief but inadvertently failed to send it; testimony that went

---

[2] There is no case law addressing this precise question. In my view, our scope and standard of review of such a determination requires that we review the record in a neutral manner to determine whether it supports the PCRA court's findings of fact and whether its conclusions of law are free from legal error. This is the manner by which we review a lower court's denial of a request to proceed in forma pauperis, which, like the question presently before us, is a question of law involving a purely factual determination largely based on the lower court's credibility determinations, the outcome of which does not impact the Commonwealth. ***See, e.g., Commonwealth v. Lepre***, 18 A.3d 1225, 1226 (Pa. Super. 2011).

[3] Later in its Opinion the Majority states that our scope and standard of review require that "[w]e review the PCRA court's findings of fact in the light most favorable to the Commonwealth **as verdict winner** to determine if they are supported by the record." Maj. Op. at 12 (emphasis added). I disagree because although our Supreme Court uses the phrase "light most favorable to the prevailing party **at the trial level**," ***Spotz***, 84 A.3d at 311 (emphasis added), this unquestionably refers to the party that prevailed before the PCRA court, not the trial court where the verdict was rendered. Otherwise, we would review every PCRA appeal in the light most favorable to the Commonwealth, because in the context of a PCRA proceeding, the Commonwealth was always the verdict winner in the trial court.

unchallenged at the remand hearing. **See** N.T., 3/27/14, at 2-4. The PCRA court found that counsel testified credibly, and the record supports that determination. **See Commonwealth v. Hutchinson**, 25 A.3d 277, 284 (Pa. 2011) ("The PCRA court's credibility determinations are binding on this Court when they are supported by the record."); **Commonwealth v. White**, 734 A.2d 374, 381 (Pa. 1999) ("[T]here is no justification for an appellate court, relying solely upon a cold record, to review the fact-finder's first-hand credibility determinations."). Thus, I agree with the Majority that Appellant is not entitled to relief on this issue.

Addressing Appellant's third issue raised in his pro se brief on appeal, wherein he asserts that his claims of trial counsel's ineffectiveness raised in his PCRA petition are meritorious, the Majority finds that (1) Appellant waived this issue pursuant to Pa.R.A.P. 2116(a); (2) the arguments were disposed of on direct appeal, and thus claims of trial counsel's ineffectiveness for failing to raise them before the trial court are meritless; (3) Appellant failed to include arguments addressing the three **Pierce** prongs required for a finding of ineffective assistance of counsel; and (4) Appellant failed to plead and prove "that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Maj. Op. at 14-17.

I take no issue with the Majority's finding of waiver pursuant to Pa.R.A.P. 2116(a). The specific questions raised in the argument section of Appellant's *pro se* brief are not stated in the statement of questions involved or fairly suggested thereby. *See* Pa.R.A.P. 2116(a).

Nor do I disagree with the Majority's conclusion that this Court's resolution of Appellant's direct appeal forecloses a finding of trial counsel's ineffectiveness for the issues raised. On direct appeal, this Court found, in relevant part, that the forensic evidence presented, coupled with the out-of-court identifications of Appellant as the shooter, sufficiently proved Appellant's guilt. ***Commonwealth v. Freeland***, 553 MDA 2012, 7 (Pa. Super. Aug. 23, 2012) (unpublished memorandum). We further found that the trial court did not abuse its discretion by admitting into evidence the photographic lineup compiled by the police from which the victim identified Appellant and a video depicting Appellant fleeing from police.[4] ***Id.*** at 8, 9 n.7. The three claims of trial counsel's ineffectiveness raised by Appellant in

---

[4] Although we found waiver of Appellant's claim that the trial court abused its discretion by admitting the video into evidence based upon trial counsel's failure to object, we also found, in the alternative, that the issue was meritless. ***Freeland***, 553 MDA 2012, 9 & n.7. Our Supreme Court has stated that "where a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum." ***Commonwealth v. Reed***, 601 Pa. 257, 265, 971 A.2d 1216, 1220 (2009) (quoting ***Commonwealth v. Swing***, 409 Pa. 241, 245, 186 A.2d 24, 26 (1962)). Thus, where the Superior Court determined that an issue raised on appeal was waived, and concomitantly finds that even if not waived, it is meritless and explains the basis for its conclusion, the determination that the issue is without merit is the law of the case and is binding on this Court. ***Id.***

this appeal relate to 1) counsel's failure to move to suppress the photo array; 2) counsel's failure to object to or move in limine to exclude the video of Appellant fleeing from police; and 3) counsel's failure to adequately cross-examine the sole witness to identify Appellant at trial regarding inconsistencies between his preliminary hearing testimony and his trial testimony. Appellant's Brief at 25-34. Our resolution of the issues raised by Appellant on direct appeal render these claims meritless. *See Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) (recognizing that while ineffective assistance of counsel claims are distinct from the underlying claim, they nonetheless "may fail on the arguable merit or prejudice prong for the reasons discussed on direct appeal"). As stated by the Majority, "[i]t is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims." Maj. Op. at 15 (quoting *Commonwealth v. Charleston*, 94 A.3d 1012, 1024 (Pa. Super. 2014)).

Although not dispositive, I am compelled to note my disagreement with the Majority's statement that Appellant fails to argue the three *Pierce* prongs relating to his claims of ineffective assistance of counsel. *Id.* My review of Appellant's pro se brief reveals that he included arguments in support of each of the three *Pierce* prongs. *See* Appellant's Brief at 23-34; *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (requiring that an appellant raising claims of ineffective assistance of counsel prove that

- 6 -

each issue has arguable merit; that counsel had no reasonable basis for his action or inaction; and that the appellant suffered prejudice as a result).

I specifically disagree, however, with the Majority's statement that proof that the alleged deficiencies in counsel's performance "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place" is a separate and distinct requirement from the prejudice prong of the **Pierce** test required to prove a claim of ineffective assistance of counsel. **See** Maj. Op. at 17. **See also** 42 Pa.C.S.A. § 9543(a)(2)(ii). To the contrary, in **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126 (Pa. 2001), our Supreme Court held that "the language 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place' merely represents a statutory adoption of the prejudice standard for Sixth Amendment ineffective assistance of counsel claims as developed in **Strickland**." **Id.** at 130. Thus, the prejudice requirement of **Pierce** is the same as and not in addition to the standard set forth in section 9543(a)(2)(ii).

I agree, though, with the Majority's conclusion that Appellant failed to satisfy his burden of proving that he suffered prejudice as a result of the ineffectiveness alleged. As the Majority observes, Appellant admitted at the PCRA hearing that he shot the victim, denying only that he intended to kill

the victim.[5]  As stated hereinabove, all three of Appellant's claims of trial counsel's ineffectiveness relate to counsel's alleged failure to properly challenge evidence pertaining to Appellant's identification as the shooter. Thus, pursuant to *Commonwealth ex rel. Dadario v. Goldberg*, Appellant's admission that he was the shooter forecloses PCRA relief here on the ineffectiveness arguments raised, as he cannot prove that he was prejudiced by counsel's inaction.  *See id.*

For the foregoing reasons, I concur in the learned Majority's decision and would likewise affirm the PCRA court's order and grant PCRA counsel permission to withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2014

---

[5]  The record reflects that Appellant admitted that he shot the victim only after the PCRA court relentlessly questioned him about whether he shot the victim, despite Appellant saying that he did not want to incriminate himself. *See* N.T., 9/25/14, at 34-35.  PCRA counsel did not object or attempt to intervene in any way.  Appellant did not challenge before the PCRA court his PCRA counsel's effectiveness for failing to object, nor does he raise it in a meaningful fashion on appeal.  As such, this claim is waived.  *Henkel*, 90 A.3d at 30 (stating that claims of ineffectiveness of PCRA counsel are unreviewable if raised for the first time on appeal); *Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa. Super. 2012) (stating that arguments raised but not developed on appeal are waived).