J-S20012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW BENDEL, | |
| Appellant | No. 720 WDA 2015 |

Appeal from the PCRA Order May 4, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0005192-2011.

BEFORE:   PANELLA, J., OLSON, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                         **FILED MAY 06, 2016**

Matthew Bendel appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.[1] We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant filed his notice of appeal prematurely. Although the trial court *dated* its order denying Appellant's PCRA petition on February 6, 2015, it was not *entered* onto the docket until May 4, 2015. **See**, **e.g.**, **Commonwealth v. Gordon**, 652 A.2d 317, 320-21 (Pa. Super. 1994) (explaining that an order is not appealable until it is entered on the docket). **See also** Pa.R.Crim.P. 114; Pa.R.A.P. 903(a). Appellant filed his notice of appeal in the lower court on February 24, 2015. The premature filing of the notice of appeal does not affect the appeal. **See** Pa.R.A.P. 905(a)(5). We have amended the appeal paragraph to indicate the correct date.

On November 9, 2011, Appellant entered a negotiated guilty plea to multiple counts of sex offenses that he perpetrated upon two minor females over the course of five years. The sexual encounters with the girls began when they were just thirteen years old.

The trial court sentenced Appellant in accordance with the plea agreement to a term of ten to twenty years of imprisonment for the first count, and no further penalty on the remaining sixteen counts. Appellant filed neither a post-sentence motion nor a direct appeal.

Appellant filed a timely, counseled PCRA petition, and the Commonwealth filed an answer. The PCRA court held an evidentiary hearing. By order entered September 18, 2013, the PCRA court denied relief.

Represented by new counsel, Appellant filed an appeal to this Court in which he claimed that the trial court erred in concluding that plea counsel was not ineffective for permitting him to plead guilty to crimes that were not supported by the factual record. In a memorandum filed on June 11, 2014, the Court affirmed the PCRA court's order denying post-conviction relief. *See Commonwealth v. Bendel*, 1633 WDA 2013 (Pa. Super., filed June 11, 2014) (unpublished memorandum). On November 18, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Bendel*, 104 A.3d 1 (Pa. 2014) (Table).

Appellant filed his second PCRA petition *pro se* on January 5, 2015. The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Appellant did not file a response. The PCRA court

later denied Appellant's second PCRA petition as patently untimely. This appeal follows.

Appellant raises the following issue:

> [1] Whether the PCRA court erred in dismissing Appellant's pro se PCRA petition filed pursuant to Title 42 Pa.C.S. §9545(b)(1)(ii), §9545(b)(1)(iii), §9545(b)(2), and §9543(a)(2)(ii). Whereas [] Appellant made a strong prima facie showing that a miscarriage of justice occurred?

Appellant's Brief at 5.

Our scope and standard of review is well-settled.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

Appellant correctly notes that, because this is his second PCRA petition for post-conviction relief, he must meet a far more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Burkhardt*, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). In order to address issue, however, we must first determine

whether the PCRA court correctly determined that Appellant's second PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

been presented." *Gamboa-Taylor*, 753 A.2d at 783; *see also* 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on December 9, 2011, when the thirty-day time period for filing a direct appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant needed to file the PCRA petition at issue by December 9, 2012, in order for it to be timely. Appellant filed the instant petition on January 5, 2015; it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Within his brief he claims a newly-discovered evidence claim pursuant to Section 9545(b)(1)(ii).[3] As this Court recently has summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of the exception is focused on the newly discovered facts, not a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered

---

[3] Although Appellant also refers to the section 9545(b)(1)(iii) in his statement of his issue, he provides no argument on this exception to the PCRA's time bar.

evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of the evidence that conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced). In other words, the "new facts" exception at:

Subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015) (some internal quotation marks and citations omitted; footnote omitted; emphasis in original).

In dismissing Appellant's claim, the PCRA court reasoned that

Appellant has failed to plead and prove that the facts upon which his claim is based were unknown and unknowable even with the exercise of due diligence. In fact, Appellant fails to state exactly what evidence was newly discovered. He states that he "was made aware by the SCI-Para-Legal Department of the newly discovered evidence contained herein" on December 27, 2014. Without further clarification, this Court is unable to make a

searching inquiry as to the validity of Appellant's claim. This Court is unable to consider if the evidence was discoverable with due diligence, if it was material, authentic or would cause a new trial to likely produce a different result. This Court, therefore, determined that the after-discovered exception [sic] to the PCRA's timeliness requirement could not be applied to this case.

PCRA Court Opinion, 8/26/15, at 5.

Appellant vaguely phrases his newly discovered evidence claim on appeal. As recognized by the PCRA court, to the extent Appellant raises claims regarding the effectiveness of counsel during the plea process, because that claim was disposed of in Appellant's prior PCRA proceeding, it is considered "previously litigated" under the PCRA. *See* 42 Pa.C.S.A. § 9544(a). To the extent Appellant raises claims of trial court error regarding the discretionary aspects of his sentence, such direct challenges are not cognizable under the PCRA. *See*, *e.g.*, *Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126 (Pa. 2001); 42 Pa.C.S.A. § 9544(b). (In any event, because Appellant's negotiated guilty plea contained an agreed to sentence, he cannot raise a discretionary aspect claim. *See Commonwealth v. Dalberto*, 648 A.2d 16 (Pa. Super. 1994).)

The PCRA court correctly concluded that Appellant failed to establish any exception to the PCRA's time-bar. The PCRA court therefore properly dismissed Appellant's second PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016