J-S66015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FRANCISCO PEREZ | |
| Appellant | No. 130 MDA 2016 |

Appeal from the PCRA Order December 31, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003313-2000

BEFORE: BOWES, PANELLA AND JENKINS, JJ.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 19, 2016**

Francisco Perez appeals from the order entered December 31, 2015, dismissing his petition for writ of *habeas corpus* as an untimely serial PCRA petition. We affirm.

The trial court summarized the relevant underlying factual and procedural history as follows:

> In December 1999, Appellant drove to Atlantic City, New Jersey, in an attempt to purchase $ 5,000 worth of marijuana from Herbert Deibert. Appellant gave Deibert the money and Deibert drove off to retrieve the marijuana. Diebert never returned. Appellant never received the marijuana [and] the money was never returned to Appellant. On May 7, 2000, Deibert and a man named Ryan Miller were in a Berks County apartment preparing to smoke cocaine. Appellant had an apartment across the street. Witnesses observed Appellant running with a handgun into the building occupied by Deibert and Miller. Appellant entered the apartment and fired multiple

shots at Deibert and Miller. Appellant shot Miller in the calf and back and shot Deibert in the right leg and thigh. Appellant fled the area, but was apprehended later near a restaurant in Philadelphia.

Following a jury trial held March 13, 2001, through March 15, 2001, Appellant was found guilty [of numerous charges under two dockets, including attempted first degree murder and various weapons crimes]. Appellant was sentenced to an aggregate term of thirty-four and a half (34 ½) to seventy-three (73) years of incarceration. On April 16, 2001, Appellant filed a Notice of Appeal to the Superior Court. The judgments of sentence were affirmed in part and reversed in part on October 3, 2002. On December 2, 2003, the Supreme Court of Pennsylvania reversed the decision of the Superior Court [and affirmed the judgment of sentence]. Thereafter, Appellant filed a series of PCRA petitions, beginning on June 17, 2004. This petition, his seventh, was filed on September 8, 2015.

PCRA Court Opinion, 3/22/16, at 1-2. Appellant styled the instant petition as a writ of *habeas corpus*. He asserts, *inter alia*, the ineffectiveness of counsel appointed to litigate his first PCRA petition. The court below treated Appellant's petition as a PCRA petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. The trial court thereafter dismissed Appellant's petition as untimely. This timely appeal followed. Appellant presents two issues for our review.

1. Did the lower court err in treating Appellant's Petition for Writ of Habeas Corpus Ad Subjiciendum as a petition pursuant to the Post-Conviction Collateral Relief Act?

2. Was counsel for Appellant during initial PCRA proceedings ineffective for failing to raise an **Apprendi** challenge to the illegally imposed sentence of twenty (20) to forty (40) years as a result of Appellant's conviction for attempted first degree murder?

- 2 -

Appellant's brief at 3.

Initially, we find that the PCRA court properly treated Appellant's *habeas* motion as a PCRA petition. Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor** 65 A.3d 462, 465 (Pa.Super. 2013); **Commonwealth v. Descardes**, 136 A.3d 493, 498 (Pa. 2016) ("This Court has construed [42 Pa.C.S. § 9542] as manifesting the legislature's intent that the PCRA be the sole means by which an appellant may collaterally challenge his conviction."). Thus, "[u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." **Taylor**, **supra** at 465-466 (citing **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999); **Commonwealth v. Chester**, 733 A.2d 1242 (Pa. 1999)). Furthermore, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **Taylor**, **supra**. at 466; **Descardes**, **supra** at 501 ("where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review."). Finally, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Id**.

A claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, trial, appeal or PCRA review. 42 Pa.C.S. § 9543. The Court announced in

*Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 129-130 (Pa. 2001), that § 9543(a)(2)(ii) of the PCRA permits "all constitutionally-cognizable claims of ineffective assistance of counsel to be raised in a PCRA petition."

Appellant contends that the trial court erred in treating his *habeas corpus* petition as a PCRA petition. He asserts that, since there is no constitutional right to counsel for a PCRA proceeding, his claim of ineffective assistance was not premised upon a violation of the Sixth Amendment of the United States Constitution, or Article I, Section 9 of the Pennsylvania Constitution. Appellant concludes, pursuant to *Dadario*, *supra*, that since his claim does not raise constitutional grounds for effective assistance of counsel, it is not cognizable under the PCRA. We disagree.

The due process clause of the Fourteenth Amendment guarantees state criminal defendants certain procedural safeguards. Once a post-conviction procedure is provided by a state, that procedure is required to meet basic and fundamental due process requirements. *Commonwealth v. Burkett*, 5 A.3d 1260, 1276 (Pa.Super. 2010). Although there is no constitutional mandate that a state provide counsel for an initial PCRA petition, the Pennsylvania rules of criminal procedure require the appointment of such counsel for a first PCRA petition and for ensuing PCRA petitions when justice requires. *See* Pa.R.Crim.P. 904(E). Under Pa.R.Crim.P. 904(F)(2) and *Burkett*, *supra*, when counsel is appointed in a

PCRA proceeding, counsel must be effective pursuant to the constitutional guarantees enumerated in the due process clause. Thus, Appellant's claim is cognizable under the PCRA. *Dadario*, *supra*.

Having found that Appellant's petition was cognizable under the PCRA, we turn to determining whether it is properly before us. We observe that an untimely PCRA petition renders Pennsylvania courts without jurisdiction to afford relief. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id*. (citations omitted).

The PCRA specifies that all PCRA petitions must be filed within one year of the date on which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S. § 9545(b)(1) applies. The petitioner bears the burden to plead and prove that a statutory exception applies. If the petition is found to be untimely, and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa.Super. 2011).

Title 42 Pa.C.S. § 9545(b)(1) and (2) provide:

(b) Time for filing petition. −

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1) and (2).

We previously found that Appellant's judgment of sentence became final on March 2, 2004, following the expiration of Appellant's opportunity to petition for review with the United States Supreme Court. **Commonwealth v. Perez**, 974 A.2d 1189 (Pa.Super. 2009) (unpublished memorandum at 5). Thus, Appellant had until March 2, 2005 to file a timely PCRA petition, and the instant PCRA petition, filed on September 8, 2015, is facially

untimely. Appellant has not invoked any of the statutory exceptions to the time-bar. Accordingly, the PCRA court properly concluded that the petition was untimely. ***Jackson***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016