J-S71044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL R. DORCZUK | : | |
| | : | |
| Appellant | : | No. 838 EDA 2019 |

Appeal from the PCRA Order Entered February 7, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000468-2016

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: March 23, 2020

Michael R. Dorczuk appeals from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Dorczuk avers that his trial counsel was ineffective. We affirm.

In January 2016, Dorczuk was charged with aggravated indecent assault of a child, indecent assault of a person less than 13 years old, and endangering the welfare of a child.[1] Although Dorczuk's preliminary hearing was scheduled for February 2016, neither Dorczuk nor his counsel attended. Thus, all charges were held for trial. However, prior to trial, on August 25, 2016, Dorczuk entered into a negotiated guilty plea and the trial court sentenced him to an

_____

[1] 18 Pa.C.S.A. §§ 3125(b), 3126(a)(7), and 4304, respectively.

aggregate term of 6 to 12 years' incarceration, plus five years of consecutive probation.[2] Dorczuk did not file a direct appeal.

On November 26, 2018, Dorczuk filed the instant timely, counseled, PCRA petition. The PCRA court issued Rule 907 notice of its intention to dismiss Dorczuk's petition without a hearing on January 28, 2019. **See** Pa.R.Crim.P. 907. After Dorczuk filed a response, the PCRA court issued an order dismissing his petition. Dorczuk filed a timely appeal and a Pa.R.A.P. 1925(b) statement. The PCRA court filed a responsive order on April 8, 2019, which incorporated the court's reasoning contained in its January 28, 2019 order. On appeal, Dorczuk presents the following single issue for our review: "Did the PCRA [c]ourt err when it refused to find counsel was ineffective for failing to appear at [Dorczuk's] preliminary hearing, and therefore waiving this critical stage of the proceedings?" Dorczuk's Br. at 2.

Dorczuk contends that his trial counsel not only failed to attend his preliminary hearing but also failed to inform him about the hearing and as a result, he also did not attend. Accordingly, Dorczuk avers his counsel was *per se* ineffective because he never got the chance to "test" the evidence against him prior to his negotiated guilty plea. He further posits that his negotiated guilty plea should not preclude him from obtaining relief under the PCRA because his trial counsel was ineffective. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii)

---

[2] Following a hearing in August 2017, the trial court entered an order designating Dorczuk as a sexually violent predator. However, the trial court subsequently vacated this classification *via* an order dated February 5, 2018.

(relief is warranted if a conviction resulted from "Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place"). We decline to agree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **See Commonwealth v. Conway**, 14 A.3d 101, 108 (Pa.Super. 2011).

All constitutionally recognized ineffectiveness claims, including those arising where the defendant has pleaded guilty, are cognizable under the PCRA. **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126, 130 (Pa. 2001); **Commonwealth v. Kelley**, 136 A.3d 1007, 1012 (Pa.Super. 2016). We presume that counsel was effective and the petitioner bears the burden of proving otherwise. **See Commonwealth v. Daniels**, 963 A.2d 409, 427 (Pa. 2009). A petitioner claiming ineffectiveness must thus plead and prove three things: (1) the underlying claim has arguable merit, (2) counsel had no reasonable basis for the contested action or inaction, and (3) the petitioner has sustained prejudice. **See Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). Prejudice occurs, in the context of a guilty plea, only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea. **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007).

Here, Dorczuk asserts that we should presume prejudice under **United States v. Cronic**, 466 U.S. 648, 653 (1984). He notes the statement of the Court in **Cronic** that there is a presumption of prejudice "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing…." **See** Dorczuk's Br. at 7; **Cronic**, 648 U.S. at 659. He then argues, "By absenting himself (and his client) from the preliminary hearing, prior counsel forfeited Defendant's right to test the Commonwealth's evidence." **Id.** at 7-8.

This argument fails. **Cronic**'s presumption of prejudice only applies where the alleged defect "necessarily undermine[s] the reliability of the entire criminal proceeding." **Ditch v. Grace**, 479 F.3d 249, 256 (3d Cir. 2007) (citing **United States v. Owen**, 407 F.3d 222, 228 (4th Cir. 2005)). Indeed, the United States Supreme Court has concluded that although the failure to provide the defendant counsel at a preliminary hearing amounted to a deprivation of counsel during a "critical stage" of the proceedings, such an error is nonetheless subject to harmless error analysis. **See Coleman v. Alabama**, 399 U.S. 1, 9-10, 11 (1970). "[O]nly those 'Sixth amendment violations that *pervade the entire proceeding*' can 'never be considered harmless." **Sweeney v. United States**, 766 F.3d 857, 860-61 (8th Cir. 2014) (quoting **Satterwhite v. Texas**, 486 U.S. 249, 256 (1998)). Dorczuk's claim of *per se* prejudice under **Cronic** fails.

Nor does Dorczuk establish actual prejudice. He makes no claim that his counsel's error caused him to enter an involuntary or unknowing plea. Dorczuk's failure to establish this causal nexus dooms his ineffective

assistance of counsel claim. Accordingly, Dorczuk's single issue on appeal warrants no relief and we affirm the PCRA court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/20