J-S25045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE GREEN | : | |
| | : | |
| Appellant | : | No. 3184 EDA 2023 |

Appeal from the PCRA Order Entered November 22, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000028-1994

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED AUGUST 08, 2024**

Tyrone Green ("Green") appeals pro se from the order dismissing what the Chester County Court of Common Pleas treated as Green's motion as his ninth petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] The PCRA court found the petition to be untimely filed, and that Green failed to establish an exception to the statutory time-bar. We affirm.

A prior panel of this Court summarized the relevant factual and procedural histories as follows:

> On July 20, 1996, a jury convicted [Green] of recklessly endangering another person, possessing an instrument of crime, and firearms not to be carried without a license in connection with [Green's] role in a December 18, 1993 robbery and homicide at a laundromat in Coatesville, Pennsylvania. …

_____

[1] 42 Pa.C.S §§ 9541-9546. Green styled the filing as a motion for reconsideration nunc pro tunc.

On March 12, 1997, the trial court sentenced [Green] to life imprisonment for murder and imposed an aggregate term of three to seven years imprisonment on the remaining offenses. We affirmed the judgment of sentence on December 31, 1997, and our Supreme Court denied allowance of appeal on June 8, 1998. ***Commonwealth v. Green***, 706 A.2d 1252 (Pa.[ ]Super. 1997) (unpublished memorandum), appeal denied, 724 A.2d 936 (Pa. 1998).

***Commonwealth v. Green***, 6 EDA 2019, 2019 WL 1468576, *1 (Pa. Super. Apr. 2, 2019) (non-precedential decision) (citation omitted).

In the years that followed, Green filed eight PCRA petitions, none of which warranted relief. ***See id.*** at **1-6 (detailing Green's previous eight PCRA petitions); ***see also Commonwealth v. Green***, 1666 EDA 2001 (Pa. Super. Nov. 15, 2002) (non-precedential decision) (noting that Green had privately retained counsel for his first timely PCRA petition before the PCRA court but elected to proceed pro se on appeal).

On October 4, 2023, Green filed the underlying motion, arguing that his first PCRA petition was a nullity because of a violation of the longstanding policy against hybrid representation. The PCRA court treated the motion as Green's nineth PCRA petition and issued a notice of its intent to dismiss the filing without a hearing pursuant to Pa.R.Crim.P. 907. After Green filed a response, the PCRA court dismissed the petition. Green filed a timely pro se notice of appeal and presents the following issue for our review: "Did the trial court abuse its discretion when it denied appellant nunc pro tunc relief and/or a hearing to determine if [Green's] first PCRA [petition] was a legal nullity due to a violation against [sic] hybrid representation?" Green's Brief at iv.

- 2 -

Before we address the merits of Green's claim, we must first determine whether the PCRA court properly treated his motion as a PCRA petition, subject to the PCRA's jurisdictional requirements. The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue raised is cognizable under the PCRA. **Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022); **see also** 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief … encompass[ing] all other common law and statutory remedies for the same purpose that exist").

Here, the argument raised by Green is centered upon his right to counsel during his first PCRA petition. **Id.** at 9-15. Green acknowledges that he had counsel during the PCRA hearing, but elected to proceed pro se on appeal of the denial of his first PCRA petition. **Id.** Green notes that despite proceeding pro se, he desired a counseled appeal. **Id.** at 15. Green's claim regarding counsel during his first PCRA petition is cognizable under the PCRA. **See Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126, 130 (Pa. 2001) (section "9543(a)(2)(ii) to encompass all constitutionally[]cognizable claims of ineffective assistance of counsel, i.e., all claims that the petitioner was deprived of his or her Sixth Amendment and Article I, Section 9 rights to counsel"). As Green's petition is cognizable under the PCRA, we must construe it as a PCRA petition.

Next, we must address whether Green's ninth PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time bar. **See Fantauzzi**, 275 A.3d at 994 ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless that petition alleges, and the petitioner proves, that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1)(i-iii). The exceptions to the one-year time bar include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. *Id.* § 9545(b)(2).

Green's judgment of sentence became final in September 1998, after our Supreme Court denied Green's petition for allowance of appeal and the time to seek certiorari with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3). Therefore, the instant petition, filed on October 4, 2023, is patently untimely.

Additionally, Green failed to allege, let alone prove, any exceptions to the one-year time bar. *See* Motion for Reconsideration, 10/4/2023. Accordingly, the PCRA court did not have jurisdiction to entertain Green's PCRA petition on the merits and we likewise lack jurisdiction to consider the claims raised on appeal. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

Order affirmed.

Judge Dubow joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/8/2024