J-S29039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO GARWOOD | : | |
| | : | |
| Appellant | : | No. 2752 EDA 2016 |

Appeal from the PCRA Order August 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0608053-1979

BEFORE:   LAZARUS, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 19, 2017**

Appellant Alonzo Garwood appeals *nunc pro tunc* from the order entered on August 14, 2014, denying his *pro se* petition for writ of *habeas corpus*, which the lower court treated as his third PCRA[1] petition.   We affirm.[2]

This Court previously summarized the relevant procedural history, in part, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

[2] This Court has been provided with a partial certified record for this matter. However, since our review has not been hampered, we decline to remand for completion of the record.

On June 13, 1979, the Philadelphia County Investigating Grand Jury of November 29, 1978[,] issued indictments charging each of six defendants, including [Appellant], with the following criminal offenses arising from two separate firebombing incidents of Philadelphia residences on December 3, 1977: three separate counts of murder, two separate counts of arson, endangering person and endangering property, causing a catastrophe and risking a catastrophe, and criminal conspiracy. A jury trial commenced on June 12, 1980[,]...and [Appellant] was found guilty of second degree murder and other offenses on June 27, 1980. He was sentenced to three terms of life imprisonment on April 15, 1981.

[Appellant] thereafter filed a direct appeal to [this Court], and his judgment of sentence was affirmed in an opinion filed on November 5, 1986. [Appellant's] petition for reconsideration to [this Court] was granted, but his judgment of sentence was ultimately affirmed on January 14, 1987. His petition for allowance of appeal, filed with the Supreme Court of Pennsylvania, was...denied on [September 15,] 1987. [Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.]

Thereafter, a *pro se* [PCRA] petition was filed with the Court of Common Pleas, First Judicial District. Counsel was appointed for the petitioner and an amended PCRA petition was subsequently filed with the court. After a review of the evidence and the pleadings, the PCRA petition was denied by [the lower court] on March 9, 1989. [This Court] affirmed the denial of the PCRA petition for relief in a memorandum [decision] that was filed on January 3, 1990.

[A] *pro se* "motion for post-conviction collateral relief" was...filed...on November 10, 2004[.] The [PCRA] court reviewed the PCRA petition, the Quarter Sessions file, and the responses of the [Commonwealth], and formally notified the petitioner on June 21, 2005, that his petition was to be dismissed without a hearing. On June 21, 2005, [the PCRA] court formally dismissed the PCRA petition without a hearing[.] [Appellant appealed to this Court, and we affirmed the dismissal of his PCRA petition. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 17, 2009.]

***Commonwealth v. Garwood***, No. 2426 EDA 2005, 1-2 (Pa.Super. filed

7/24/08) (unpublished memorandum) (citation to record omitted).

On or about February 5, 2010, Appellant filed in the lower court a *pro se* petition entitled "Petition for [] Writ Habeas Corpus Relief Pursuant to Acticle [*sic*] 1, Section 14 of the Pennsylvania Constitution." The petition was forwarded to the Pennsylvania Supreme Court, which issued an order on April 3, 2014, denying Appellant's request for extraordinary relief, granting mandamus relief, and directing the lower court to adjudicate Appellant's petition.

Treating Appellant's petition as his third PCRA petition, on July 2, 2014, the lower court provided Appellant with notice of its intention to dismiss Appellant's petition on the basis it was untimely filed, and on July 22, 2014, Appellant filed a *pro se* response alleging that the lower court erred in treating Appellant's February 5, 2010, *habeas corpus* petition as one filed under the auspices of the PCRA. By order entered on August 14, 2014, the PCRA court dismissed Appellant's petition. This *nunc pro tunc* appeal from the lower court's August 14, 2014, order followed.[3]

_____

[3] On or about March 16, 2015, Appellant filed a *pro se* petition requesting reinstatement of his right to appeal the lower court's August 14, 2014, order. Specifically, Appellant averred that he did not receive the lower court's August 14, 2014, order until approximately February 23, 2015. Appellant attached as an exhibit the envelope from the trial court, which contained a postage stamp of February 23, 2015. Properly treating Appellant's March 16, 2015, petition as a PCRA petition, and concluding Appellant met a timeliness exception under the PCRA, the lower court granted the March 16, 2015, petition and reinstated Appellant's appeal rights from the lower court's August 14, 2014, order. **See Commonwealth v. Fairiror**, 809 A.2d 396, 397 (Pa.Super. 2002) (holding a petition for
*(Footnote Continued Next Page)*

- 3 -

At the outset, contrary to Appellant's argument, we conclude the lower court properly treated Appellant's instant petition, entitled "Petition for [] Writ Habeas Corpus Relief Pursuant to Acticle [*sic*] 1, Section 14 of the Pennsylvania Constitution," under the auspices of the PCRA. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the court must analyze the petition under the auspices of the PCRA. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013).

In the instant petition, Appellant alleged his conviction was the result of a **Brady**[4] violation in that the prosecutor failed to disclose that witnesses offered testimony at Appellant's trial in exchange for money from the police, as well as the fact that a witness had psychological defects. He further alleged that all prior counsel were ineffective in failing to raise the **Brady** issues. Such claims are cognizable under the PCRA. **Commonwealth v. Simpson**, 620 Pa. 60, 79, 66 A.3d 253, 264 (2013) ("A **Brady** claim is

*(Footnote Continued)* ————————

reinstatement of PCRA appellate rights *nunc pro tunc* must be considered a subsequent PCRA petition).

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

cognizable on collateral appeal under the PCRA.") (citation omitted));

***Commonwealth ex rel. Dadario v. Goldberg***, 565 Pa. 280, 773 A.2d 126

(2001) (holding ineffective assistance of counsel claim cognizable under

PCRA). Accordingly, the lower court properly treated Appellant's petition for

a writ of *habeas corpus* as a PCRA petition.

With regard to petitions filed under the PCRA, as this Court has

observed:

> The filing mandates of the PCRA are jurisdictional in nature and
> are strictly construed. The question of whether a petition is
> timely raises a question of law. Where the petitioner raises
> questions of law, our standard of review is *de novo* and our
> scope of review plenary. An untimely petition renders this Court
> without jurisdiction to afford relief.

***Taylor***, 65 A.3d at 468 (citations omitted). Thus, at this juncture, we must

determine whether Appellant's February 5, 2010, petition was timely filed

under the PCRA.

The most recent amendments to the PCRA, effective January 19, 1996,

provide that a PCRA petition, including a second or subsequent petition, shall

be filed within one year of the date the underlying judgment becomes final.

42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of

direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of

the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA

allow for very limited circumstances under which the late filing of a petition

will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)      the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted).

Here, this Court affirmed Appellant's judgment of sentence on January 14, 1987, and his petition for allowance of appeal was denied by the Supreme Court on September 15, 1987. Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. Thus, his

judgment of sentence became final on or about November 15, 1987, sixty days after our Supreme Court denied review and the time for filing a petition for a writ of *certiorari* expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Former U.S. Supreme Court Rule 20.1 (petition for writ of *certiorari* is deemed timely when it is filed within 60 days after the denial of *allocatur*). Accordingly, Appellant had until approximately November 15, 1988, to file a timely PCRA petition. Appellant filed the instant PCRA petition on February 5, 2010, and therefore, it is patently untimely.[5]

On appeal, Appellant attempts to invoke the governmental interference exception under Section 9545(b)(1)(i) and the newly-discovered fact exception under Section 9545(b)(1)(ii). Specifically, he suggests he met these timeliness exceptions by pleading and proving the prosecutor failed to disclose that two witnesses accepted money in exchange for testifying against Appellant, as well as the fact one witness had psychological defects.

---

[5] The PCRA provides that where a petitioner's judgment of sentence became final on or before the effective date of the amendments (January 16, 1996), a special grace *proviso* allows first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056–1057 (Pa.Super. 1997) (explaining application of PCRA timeliness *proviso*). Here, as discussed *infra*, Appellant's judgment of sentence became final before the effective date of the amendments, however, Appellant did not file his instant petition by January 16, 1997. Moreover, the *proviso* does not apply to "second or subsequent petitions[,]" and thus, Appellant does not meet the requirements of the *proviso* on this basis as well. **Fairiror**, 809 A.2d at 398.

However, inasmuch as the basis of Appellant's argument is his "discovery" of notes of testimony from one of the witnesses' 1979 trial, we conclude Appellant has failed to meet the initial threshold of demonstrating that he raised his claim within 60 days of the date the claim first could have been presented. Simply put, the information related to Appellant's claim was easily discoverable and in the public record for longer than 60 days before the instant petition was filed.[6, 7]

Based on the aforementioned, we conclude Appellant's third PCRA petition was untimely filed, and Appellant failed to demonstrate his entitlement to one of the timeliness exceptions. Therefore, the lower court properly denied Appellant's petition.

Affirmed.

_____

[6] In his appeal of the denial of his second PCRA petition, Appellant averred that he improperly received differential treatment as compared to his co-defendants under *Commonwealth v. Cruz*, 578 Pa. 263, 851 A.2d 870 (2004). The basis of his claim was, *inter alia*, that he was convicted based on the prosecutor withholding information concerning the payment of money by police to witnesses in exchange for their testimony, as well as other evidence concerning the veracity of the witnesses. *See Commonwealth v. Garwood*, No. 2426 EDA 2005 (Pa.Super. filed 7/24/08) (unpublished memorandum). Thus, at least as of the time of the appeal of his second PCRA petition, Appellant was aware of the alleged facts upon which his current claims are based.

[7] To the extent Appellant avers previous counsel was ineffective, we note that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2017