J-S62028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BASHIR A. JOHNSON | : | |
| | : | |
| Appellant | : | No. 500 EDA 2018 |

Appeal from the PCRA Order January 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007314-2013,
CP-51-CR-0007315-2013

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 07, 2019**

Bashir A. Johnson appeals from the order denying him relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 28, 2012, Johnson shot two people in the back of the head while they were sitting in the front of a car and he was sitting in the rear. N.T. (Guilty Plea), 4/20/15, at 31-35. One of the victims survived, and later identified Johnson to the police. *Id.* Johnson told police Detectives Ronald Dove and James Pitts that he was not in the area of the shooting and had his cell phone with him at the time. *Id.* Information garnered from Johnson's cell phone records contradicted his statement and placed his cell phone in the area of the shooting at the time of the shooting. *Id.*

Johnson was charged with third degree murder, attempted murder, and carrying a firearm without a license.[1] He moved to suppress the statement he made to the police, on the basis that the police violated his **Miranda**[2] rights, and to suppress his cell phone records, on the basis that his phone was seized and searched without a warrant. The court held a suppression hearing, at which Detective Pitts testified but Detective Dove did not.[3] The court denied the motion.

Johnson entered a negotiated plea of guilty in April 2015 to the above charges. During the guilty plea colloquy, Johnson admitted he was guilty. N.T. at 35. He also acknowledged that by pleading guilty he would surrender his right to a jury trial, the right to raise additional trial issues, and his right to appeal the denial of his suppression motion or any other trial-related issues. **Id.** at 7-22. He testified that he had not been threatened or forced to plead guilty, had discussed his decision to plead guilty with his trial attorney, and was satisfied with his legal representation. **Id.** at 40-41. The court thereafter sentenced Johnson to the negotiated aggregate term of 20 to 40 years' incarceration.

Johnson did not file a direct appeal, but filed a timely PCRA petition. The PCRA court appointed counsel, who filed an Amended PCRA Petition. After

---

[1] **See** 18 Pa.C.S.A. §§ 2502(c), 901(a), 6106(a)(1).

[2] **Miranda v. Arizona**, 384 U.S. 436 (1996).

[3] Detective Frank Mullen also testified.

providing notice of its intent to dismiss the Petition without a hearing, the court dismissed the Petition on January 11, 2018.

Johnson timely appealed, and raises a sole issue: "Was [Johnson's] [g]uilty [p]lea entered in a knowing, intelligent, and voluntary fashion?" Johnson's Br. at 3 (Statement of Question Involved).

The issue Johnson presents in his Statement of Question Involved is not cognizable under the PCRA. While the PCRA provides relief for "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent," 42 Pa.C.S.A. § 9543(a)(2)(iii), Johnson's Statement of Question Involved does not contend that his plea was unlawfully induced. He instead mounts a direct attack on his guilty plea. Therefore, his only issue on appeal affords him no relief.

In contrast, the issue he argues in the Argument section of his brief is cognizable under the PCRA. He contends that his trial counsel was ineffective for advising him to plead guilty. **See** Johnson's Br. at 8-10. A claim of ineffectiveness of counsel in connection to a guilty plea is cognizable under the PCRA. **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126, 130 (Pa. 2001) ("[A]ll constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA petition").

However, Johnson did not include this argument in his Statement of Question Involved, and in failing to do so, he waived it. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of

questions involved or is fairly suggested thereby"); *Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa.Super. 2002) ("Issues not presented in the Statement of Questions Involved portion of a brief will not be considered").

Even if he had not waived it, we would reject his ineffectiveness claim as meritless. Our review of the denial of PCRA relief "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa.Super. 2014)(*en banc*). We are bound by any credibility determinations made by the PCRA court and supported by the record, but apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.* at 1214-15. A PCRA court need not hold a hearing if no material issues of fact exist. *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015).

"Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." *Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove by a preponderance of the evidence that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). An allegation that counsel provided ineffective assistance in relation to a guilty plea "will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v.*

*Pier*, 182 A.3d 476, 478 (Pa.Super. 2018) (quoting *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007)). Whether counsel was ineffective turns on "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases," *id.* at 479 (quoting *Moser*, 921 A.2d at 531), and "whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea." *Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa.Super. 1993).

A defendant is bound by the statements he or she made under oath during a plea colloquy. *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa.Super. 2002). Thus, where a defendant's claim that a guilty plea was unknowing or involuntary is belied by the record, the claim must fail. *Id.* A defendant cannot maintain a claim that his plea was involuntary based on an allegation that counsel pressured him to plead guilty if he testified to the opposite during his guilty plea colloquy. *Commonwealth v. Brown*, 48 A.3d 1275, 1278 (Pa.Super. 2012).

Johnson claims "Detective Dove and others 'dummied up' evidence against him and lied to the [c]ourt at [the] suppression hearing." Johnson's Br. at 7; *see also id*. at 5-6. Johnson contends that following the suppression hearing, "he was compelled to plead guilty because of the nature, breadth and depth of the lies told by the police." *Id.* at 7. Johnson argues that his trial counsel was ineffective for both "failing to know that Detective Dove was being investigated [for misconduct in another case] and would likely be prosecuted,"

- 5 -

and advising Johnson to plead guilty rather than challenge the denial of his motion to suppress on appeal or otherwise challenge the evidence against him. *Id.* at 9. Johnson concedes that the guilty plea colloquy was not "legally inadequate," but vaguely asserts that "there were many things lying 'behind' the colloquy." *Id.* Johnson asks us to remand the case to the PCRA court for an evidentiary hearing. *Id.* at 10.

The PCRA court rejected this argument because Johnson "offer[ed] no evidence that the detectives involved in this case fabricated any evidence or that this alleged misconduct forced his guilty plea." PCRA Court Opinion, filed April 6, 2018, at 5. The court observed that Detective Dove did not testify at the suppression hearing and "there was no way Detective Dove's misconduct in an unrelated matter would have [led] to a different result in the subject case." *Id.* The PCRA court found no merit to Johnson's claim that his counsel had not known about the investigation into Detective Dove because trial counsel had cross-examined Detective Pitts about it. *Id.* The PCRA court also found that the guilty plea colloquy reflected that Johnson entered his plea knowingly, intelligently, and voluntarily. *Id.* at 4-5.

We agree with the PCRA court's analysis. Johnson fails to allege what evidence Detective Dove or anyone else fabricated in his case. Nor does he offer to prove facts substantiating this allegation at an evidentiary hearing. Rather, the record reflects that Detective Dove offered no evidence against Johnson at the suppression hearing, and nothing suggests that Detective Dove would have testified at Johnson's trial. Moreover, the record belies Johnson's

claim that his trial attorney was unaware of the investigation into Detective Dove for misconduct in an unrelated case, and did not consider the potential success or failure of pursuit of a false-evidence claim on the basis of Detective Dove's involvement with Johnson's case. **See** N.T., 1/26/15 (Suppression Hearing), at 118-20. Johnson has therefore failed to convince us that pursuit of a false-evidence claim either at trial or on direct appeal would have been successful, such that counsel's advice to forego such a claim and plead guilty was incompetent. **See Pier**, 182 A.3d at 478.

In addition, the record belies Johnson's assertion that he was misinformed or misguided regarding his appellate rights. Rather, Johnson was apprised of all the rights he was relinquishing by pleading guilty; stated that he was not being coerced; stated that he had been advised by and was happy with his counsel; and confirmed his guilt. Johnson cannot recant those statements on the bald claim that "there were many things lying 'behind' the colloquy." **See Brown**, 48 A.3d at 1278.

In sum, Johnson has failed to carry his burden to plead facts necessary to substantiate a claim that his attorney misled him into pleading guilty such that it rendered his plea unknowing or involuntary. We therefore affirm the order of the PCRA court denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19