J-S51021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FODE M. DOUKOURE | : | |
| | : | |
| Appellant | : | No. 7 MDA 2019 |

Appeal from the PCRA Order Entered November 30, 2018
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003574-2016

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED NOVEMBER 07, 2019**

Appellant, Fode M. Doukoure, appeals from the order entered in the Cumberland County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them. Procedurally, we add, when the court sentenced Appellant on March 19, 2018, it ordered him to register for 15 years as a Tier I offender under the Sexual Offender Registration and Notification Act ("SORNA"). After a hearing on June 25, 2018, the PCRA court denied Appellant's PCRA petition on November 30, 2018. On December 27, 2018, Appellant filed a timely notice of appeal. The PCRA court ordered Appellant on January 4, 2019, to file a

concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b);

Appellant timely complied on January 24, 2019.

Appellant raises one issue for our review:

> DID THE PCRA COURT ABUSE ITS DISCRETION IN DENYING [APPELLANT]'S AMENDED PCRA PETITION WHERE PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY ADVISE [APPELLANT] THAT HE IS PRESUMED INNOCENT AND INSTEAD ADVISED HIM THAT HE WOULD BE CONVICTED AT A TRIAL BY AN ALL-WHITE JURY BECAUSE BOTH [APPELLANT] AND PLEA COUNSEL ARE BLACK, AND SAID INEFFECTIVENESS RENDERED [APPELLANT]'S PLEA INVALID AS IT WAS NOT ENTERED INTO KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY BUT RATHER UNDER THE BELIEF THAT SUCH PLEA WAS [APPELLANT]'S ONLY CHANCE TO AVOID BEING CONVICTED OF ALL CHARGES DUE TO HIS RACE?

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth*

***v. Abu-Jamal***, 553 Pa. 485, 527, 720 A.2d 79, 99 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. ***Id.***

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id. See also Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting ***Commonwealth v. Ali***, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." ***Commonwealth v. Steele***, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Christylee L. Peck, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (*See* PCRA Court Opinion, filed November 30, 2018, at 7-9) (finding: at PCRA hearing, plea counsel credibly testified he made no statements to Appellant that jury, likely composed of all or predominantly Caucasian jurors, would automatically convict Appellant based on his race; rather, counsel explained he told Appellant he would likely receive longer sentence if convicted at trial in light of severity of charges and overwhelming evidence against him; Appellant's complaints about plea counsel's purported advice were not credible; Appellant acknowledged counsel advised him to take plea deal in light of potential length of sentence and strength of Commonwealth's case; plea counsel's advice was reasonable and competent; Appellant's claim that plea counsel was ineffective for communicating to him likely racial composition of jury fails all three prongs of ineffectiveness test). The record supports the PCRA court's rationale. *See Conway, supra*. Accordingly, we affirm based upon the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/07/2019

COMMONWEALTH : IN THE COURT OF COMMON PLEAS
: CUMBERLAND COUNTY, PENNSYLVANIA
v. :
: CRIMINAL DIVISION
FODE M. DOUKOURE :
: CP-21-CR-3574-2016

IN RE: AMENDED PETITION FOR POST CONVICTION RELIEF PURSUANT TO

THE POST CONVICTION RELIEF ACT

OPINION

Peck, J., November 27, 2018 –

On March 19, 2018, Defendant pleaded guilty to the following: Count 4, Unauthorized Administration of Intoxicant, a third-degree felony; Count 5, Unlawful Restraint, a first-degree misdemeanor; Count 9, Indecent Assault, a second-degree misdemeanor; Count 11, Aggravated Assault, a second-degree felony and Count 12, Indecent Assault, a second-degree misdemeanor.[1] Defendant filled out and signed a guilty plea colloquy and this court conducted a colloquy with Defendant on the record at the time of his plea.[2] Defendant also completed a separate written colloquy informing him of his responsibilities pursuant to the Sex Offender Registration and Notification Act (SORNA, previously Megan's Law).[3] Pursuant to an agreement between the parties and Defendant having waived a presentence investigation report, this Court sentenced Defendant on the same day to an aggregate term of imprisonment of one year less one day to two years less one day, with five years consecutive probation.[4] Defendant was given credit for sixteen months and seven days previously served.[5] Defendant did not

---

[1] Order of Court, In Re: Guilty Plea/Sentence, March 19, 2018 (Peck, J.).

[2] See Def.'s Guilty Plea Colloquy, March 19, 2018; Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 9-13 (Peck, J.).

[3] See Def.'s Acknowledgement of Notification Pursuant to 42 Pa.C.S. 9799.23, March 19, 2018.

[4] Defendant was sentenced on Count 11 to imprisonment in the Cumberland County Prison for one year less one day to two years less one day, and received consecutive probation sentences for three years, one year, and one year on Counts 4, 9, and 12, respectively. Order of Court, In Re: Guilty Plea/Sentence, March 19, 2018 (Peck, J.).

[5] Id.

seek direct review of his sentence, and thus his sentence became final on April 18, 2018, thirty days after it was imposed. On April 30, 2018, Defendant filed a *pro se* letter seeking to withdraw his guilty plea.[6] Defendant's letter was thereafter forwarded to Defendant's counsel of record and on May 9, 2018, Defendant filed a counseled Motion to Withdraw Guilty Plea, seeking to withdraw his plea on the basis that he wished to proceed to trial in order to avoid deportation.[7] Following a hearing on May 22, 2018, this Court denied both motions as untimely post-sentence motions.[8] Nevertheless, we allowed both motions to be treated as initial filings of a PCRA[9] petition and appointed new counsel for Defendant.[10] On June 21, 2018, Defendant filed a timely Amended PCRA Petition.[11] A PCRA hearing was held on June 25, 2018, and the matter was taken under advisement.[12] For the following reasons, Defendant's Petition is denied.

## I. FACTS AND PROCEDURAL HISTORY

A lengthy recitation of the facts is unnecessary here. Importantly, Defendant immigrated to the United States from Guinea and has a green card, but is not a United States' citizen.[13] Defendant was charged with ten counts (including three felony counts) relating to two separate incidents occurring in July and November of 2016, one in which he molested his elderly stepmother while she was asleep, and another in which he sprayed a debilitating chemical in her face, bound her, and molested her while she was

---

[6] Defendant's letter alleged that this Court sentenced him to a term of consecutive probation that was not included in the negotiated plea agreement, and further complained that he was innocent and only pleaded guilty because he was advised by counsel that he would have been convicted at trial by an all-white jury. See Def.'s Motion to Withdraw Guilty Plea, April 30, 2018.

[7] See Def.'s Motion to Withdraw Guilty Plea, May 9, 2018.

[8] Pa.R.Crim.P. 720(A)(1) provides that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." A defendant who wishes to challenge the validity of his guilty plea must do so within ten days of sentence or waiver will result. See Commonwealth v. Lincoln, 72 A.3d 606, 609-10 (Pa. Super 2013).

[9] Post Conviction Relief Act, 42 Pa.C.S. §9541 *et seq.*

[10] Order of Court, In Re: Motion to Withdraw Guilty Plea Denied/Appoint Public Defender/Request Transcript/PCRA Petition, May 22, 2018 (Peck, J.). Defendant was re-assigned the public defender who had previously represented him in the initial stages of the instant matter.

[11] This Court, in consideration of the appointment of new counsel, gave Defendant thirty days to file a counseled Amended PCRA Petition. See id.

[12] Order of Court, In Re: Amended PCRA/Evidence Deemed Closed, June 25, 2018 (Peck, J.).

[13] Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 4, 11 (Peck, J.).

unconscious. [14] Joshua Yohe, Esq., of the Public Defender's office was initially appointed as defense counsel. [15] Aaron Holt, Esq., was privately retained at a later date. [16] On August 29, 2017, Attorney Holt filed two additional motions; [17] on September 20, 2017, Attorney Holt filed a Motion to Consider the outstanding Motion to Sever. [18] After a hearing, Defendant's motions were denied by this Court. [19] On March 19, 2018, the day set for Defendant's jury trial to begin, Defendant entered his pleas of guilty. He was sentenced the same day.

At his PCRA hearing, Defendant testified that Attorney Holt coerced him into pleading guilty. Defendant claimed that his counsel had no interest in going to trial and only wanted Defendant to take a plea deal. [20] Attorney Holt and Defendant both testified that they met several times prior to trial, though consistent evidence of the exact number of meetings which occurred was not presented. [21] Attorney Holt testified that he fully prepared for hearing on the aforementioned motions, including research, preparing a brief, and meeting with Defendant a number of times to secure his approval of the same. [22] He also testified that he interviewed witnesses, reviewed all discovery, and fully prepared for a jury trial. [23]

---

[14] See generally Police Criminal Complaint, pp. 3-11, November 9, 2016; see also Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 6-8 (Peck, J.).

[15] See Acknowledgement of Arraignment and Public Defender Appointment, January 19, 2017.

[16] Attorney Holt entered his appearance for Defendant on June 27, 2017.

[17] Def.'s Motion to Modify Bail, August 29, 2017; Def.'s Petition for Writ of Habeas Corpus: Motion to Dismiss, August 29, 2017.

[18] Def.'s Motion to Consider Motion to Sever, September 20, 2017. Previous counsel for Defendant had filed a Motion to Sever on April 7, 2017, seeking to separate at trial the incidents occurring on two different dates with which Defendant was charged.

[19] See generally Transcript of Proceedings, In Re: Defendant's Habeas Corpus Motion/Motion to Dismiss/Bail Modification Motion/Motion to Sever, October 3, 2017 (Peck, J.); Order of Court, In Re: Defendant's Petition for Writ of Habeas Corpus and Defendant's Motion to Sever, January 11, 2018 (Peck, J.).

[20] Transcript of Proceedings, In Re: Amended Petition for Post-Conviction Relief Hearing, June 25, 2018, at pp. 8-9 (Peck, J.).

[21] Defendant testified that Attorney Holt met with him about five times, for thirty to forty-five minutes each time. Id. at 7-8. Attorney Holt testified that he met with Defendant about a dozen times for forty-five minutes or more each time, and with his family a number of times as well. See id. at 32-33.

[22] Id. at 32.

[23] Id. at 33-34.

3

At sentencing, Defendant received a sentence of incarceration of one year less one day to two years less one day, with five years' consecutive probation.[24] Defendant claimed that Attorney Holt forced him to accept a plea with a consecutive probationary sentence, that he was not consulted about and did not agree to the same, and that he was only aware of the terms of the plea agreement after he had already accepted it.[25] Attorney Holt testified that he and Defendant "communicated pretty well" and that Defendant understood what was going on in his case and what the specifics of all the plea offers were.[26] Defendant also testified that he was told and understood that he would be receiving a time-served sentence without probationary conditions, and that after his sentencing, there would be no further involvement with immigration.[27] Attorney Holt testified to the contrary that he discussed the exact terms of the guilty plea, including the probationary period, with Defendant before coming into court.[28] Attorney Holt also testified that he had had several discussions with Defendant regarding the likely immigration consequences, and had advised him and his family on multiple occasions to speak with an immigration attorney.[29]

This Court had conversations with Defendant on the record (and with counsel on the record while Defendant was present) more than once warning him that he faced a risk of deportation.[30] Defendant filled out a written guilty plea colloquy form indicating he was aware that there may be possible collateral immigration consequences of a guilty plea.[31] He was present at the sentencing hearing where the probationary sentence was mentioned no less than three times.[32] The transcript of the sentencing hearing held on

---

[24] Defendant had already served his minimum sentence while awaiting trial, and was paroled immediately upon having a satisfactory home plan in place. See Order of Court, In Re: Guilty Plea/Sentence, March 19, 2018 (Peck, J.).

[25] See Transcript of Proceedings, In Re: Amended Petition for Post-Conviction Relief Hearing, June 25, 2018, at pp. 12-14 (Peck, J.).

[26] Id. at 35-36.

[27] Id. at 12.

[28] Id. at 35, 41.

[29] Id. at 37, 44-45.

[30] Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 2, 11-14 (Peck, J.).

[31] Def.'s Guilty Plea Colloquy, ¶13, March 19, 2018.

[32] See Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 2, 8, 10 (Peck, J.).

4

March 19, 2018 shows that Defendant was specifically advised of the exact terms of the guilty plea, including the probationary sentence and possible immigration consequences, by this Court and given a colloquy on the record to ensure his assent to the plea was knowing, intelligent, and voluntary.[33] We were satisfied that it was so.

## II. DISCUSSION

Defendant makes a number of claims to assert that Attorney Holt was ineffective. In sum, Defendant alleges the following oversights and errors: Defendant was not sufficiently advised of the collateral immigration consequences of a guilty plea; Defendant was not told that a five-year consecutive probationary sentence could be or would be imposed in addition to a "time served sentence"; and Defendant was coerced into pleading guilty when defense counsel told him that if he went to trial he would be convicted by an all-white jury.

Additionally, Defendant claims that defense counsel was ineffective for not objecting at the time of sentence to the imposition of reporting and registration requirements under SORNA, and for not filing a timely post-sentence motion with regard to the same. Defendant also asserts that his sentence is unconstitutional as requirements under SORNA cannot be retroactively applied to him and that the 15-year reporting requirement is greater than the lawful maximum of his sentence.

### a. *Ineffectiveness of Counsel*

"All constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA Petition." Commonwealth ex rel. Dadario v. Goldberg, 773 A.2d 126, 130 (Pa. 2001). An ineffectiveness claim may only provide relief where, "in the circumstances of the particular case, [ineffectiveness of counsel] so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. §9543(a)(2)(ii). Counsel is presumed to have rendered effective assistance. See Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010). Defendant must overcome the presumption that counsel is effective by establishing all of the following three elements by a preponderance of the evidence: (1) the underlying issue has arguable

---

[33] Id. at 9-13.

5

merit; (2) counsel's actions lacked an objectively reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. See Commonwealth v. Barnett, 121 A.3d 534 (Pa. Super. 2015), citing Commonwealth v. Pierce, 527 A.2d 973, 975-76 (Pa. 1987). If Defendant's claim fails under any necessary element of the applicable test, the court may proceed to that element first. Commonwealth v. Fears, 86 A.3d 795 (Pa. 2014). No relief is warranted for ineffectiveness of counsel in connection with a guilty plea unless said counsel's ineffectiveness caused an involuntary, unknowing or unintelligent plea. See Commonwealth v. Anderson, 995 A.2d 1184, 1192 (Pa. Super. 2010). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Commonwealth v. Willis, 68 A.3d 997, 1002 (Pa. Super. 2013)(internal citations omitted).

Defendant's primary grievance concerns the involvement of federal immigration authorities in his case after he entered his plea. Indeed, he testified that the "real reason" for seeking to withdraw his guilty plea was so that he could avoid deportation.[34] In a similar case, the Superior Court found that plea counsel was not ineffective when he informed the noncitizen defendant prior to pleading guilty that deportation was "likely and possible" based on a charge of PWID,[35] and where the defendant signed a written guilty plea colloquy indicating that he understood deportation was possible. See Commonwealth v. Escobar, 70 A.3d 838 (Pa. Super. 2013). The Superior Court in that case opined that counsel was only required to inform the noncitizen defendant that there was a *risk* of deportation, not that deportation was a certainty as a possible outcome of his guilty plea; whether the federal government would carry out all the necessary steps to deport him was uncertain at the time of his plea. Id. at 841. This case is analogous to the case *sub judice*; here, defense counsel testified that he had numerous discussions with Defendant regarding the possibility that he could be deported based on the charges,

---

[34] Transcript of Proceedings, In Re: Amended Petition for Post-Conviction Relief Hearing, June 25, 2018, at p. 29 (Peck, J.).

[35] Possession [of a controlled substance] with intent to distribute.

6

Defendant signed a written colloquy form evidencing that he understood there could be collateral immigration consequences as a result of the plea, and Defendant acknowledged the same on the record in open court. We found the testimony of defense counsel to be credible, and the testimony of Defendant to be incredible, regarding whether he understood that there could be involvement by immigration authorities subsequent to the plea.[36] Therefore, we find that based on Pennsylvania law and the instant record, Defendant was adequately apprised of the possible immigration consequences prior to entering his guilty plea and that his plea was knowing, voluntary, and intelligent.

The record likewise does not support Defendant's claims that he was unlawfully induced into entering a guilty plea or that he was only informed of a probationary sentence after he had already pleaded guilty. The transcript from the March 19, 2018 hearing clearly shows that the terms of the plea were outlined several times by the Commonwealth and by this Court, and were agreed to by Defendant *prior* to our acceptance of it.[37] We find his claims that he had no knowledge of the possibility of a probationary sentence being imposed are disingenuous and without any merit.

Attorney Holt was not ineffective for communicating to Defendant the likely racial composition of the jury or for advising Defendant that if found guilty at trial, the Court may impose a significantly harsher sentence than if he pled guilty to lesser charges. We found defense counsel credible when he testified that he made no statements to Defendant that the jury, composed of all or predominantly Caucasian jurors, would automatically find him guilty because Defendant is of African descent.[38] We also found defense counsel's testimony credible that he advised Defendant he would likely receive a longer sentence if found guilty after trial based on the severity of the charges and the

---

[36] Defendant admitted that at one point, defense counsel advised him that if he entered a plea, he would be deported. See Transcript of Proceedings, In Re: Amended Petition for Post-Conviction Relief Hearing, June 25, 2018, at pp. 14-15 (Peck, J.).

[37] Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 2, 8, 9-13 (Peck, J.).

[38] Transcript of Proceedings, In Re: Amended Petition for Post-Conviction Relief Hearing, June 25, 2018, at pp. 36, 40-41 (Peck, J.); cf. id. at 9, 11; cf. *Commonwealth v. Doukoure*, PCRA hearing held on June 25, 2018, Defendant's Exhibit No. 1, Def.'s Letter from Defendant (undated), June 25, 2018.

overwhelming evidence.[39] We found Defendant's complaints on these points were not credible, as he also acknowledged that defense counsel advised him to take a plea deal because of the length of time he could spend in prison based on the charges and the strength of the government's case against him.[40] We therefore find that counsel's advice was reasonable and competent.

Finally, we find that ineffectiveness claims based on defense counsel's lack of objection to the SORNA conditions imposed on Defendant do not provide a basis for relief, as those conditions are provided by law and Defendant was aware of them and agreed to the same.[41]

In sum, none of Defendant's claims for relief based on ineffective assistance of counsel have merit, and each can be disposed of under the first prong of the Pierce test (regarding merit), discussed supra. We are satisfied that counsel acted reasonably with regard to each of the tactical decisions that were made during his representation of Defendant, discussed at length above. Therefore Defendant's claims fail under the second prong of Pierce (regarding counsel's reasonable basis for actions). Additionally, Defendant suffered no actual prejudice as a result of defense counsel's actions. To the extent Defendant argues prejudice stemming from the deportation or SORNA collateral consequences, Defendant was fully aware of the same and pleaded guilty to receive a shorter jail sentence.[42] In fact, Attorney Holt negotiated a highly favorable plea deal for the defendant in this case. Defendant was ultimately sentenced to, essentially, a time-served sentence in a county detention facility (avoiding a state prison sentence), with consecutive probation for what was charged as nine felony and misdemeanor counts,[43] and avoided the possible imposition of a significant amount of jail time if he were to be found guilty of each and every offense (or even of less than every offense, for that matter) at a jury trial. We also note that this Court has no authority to prevent a federal

---

[39] Transcript of Proceedings, In Re: Amended Petition for Post-Conviction Relief Hearing, June 25, 2018, at pp. 36, 42-43, 45-46 (Peck, J.).

[40] See id. at 9-10.

[41] See more discussion on this point infra.

[42] See Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 9-13 (Peck, J.).

[43] Count ten was graded as a summary offense. See Criminal Information, January 18, 2017.

8

agency from taking Defendant into custody and initiating deportation proceedings against him based on his criminal charges. We therefore find that Defendant suffered no prejudice from Attorney Holt's actions or inactions, and therefore the third prong of the Pierce test is also unsatisfied. Indeed, Defendant's statements that he would be comfortable continuing to be represented by Attorney Holt on appeal after he pled guilty cuts against his argument that he found defense counsel to be, even subjectively, ineffective.[44]

b. *Illegality of Sentence*

Defendant also complains that the registration requirements under SORNA are unconstitutional as retroactively applied to him and that he cannot be made to comply with that portion of his sentence under Muniz because it is an illegal *ex post facto* punishment.[45] He further argues that the 15-year registration requirement under SORNA exceeds his lawful maximum sentence. These arguments also fail.

Defendant was designated as a Tier I sexual offender based on his convictions for Indecent Assault at counts 9 and 12, and was sentenced to comply with the registration requirements under SORNA for a period of fifteen years.[46] Defendant argues that the registration requirements under SORNA are unconstitutional punishments under Muniz. We disagree. This Court acknowledges that the law of sex offender registration in the Commonwealth after Muniz was decided is currently in flux and uncertain; however, our narrow interpretation of the present issues and binding law available to us at this time supports the appropriateness of our sentence. First, the *ex post facto* question is irrelevant as Defendant's offenses were committed after SORNA was in effect.[47] Second, the SVP[48]

---

[44] Defendant stated at the May 22, 2018 hearing that he would not mind moving forward to an appeal with the same counsel, because "anything in his power that I know of that I asked him to do that, he has been doing it. I was willing to stick and continue with him. I'm feeling not like letting him go. I believe he is a good attorney and that he has a good reputation." Transcript of Proceedings, In Re: Motion to Withdraw Guilty Plea Denied/Appoint Public Defender/Request Transcript/PCRA Petition, May 22, 2018, at pp. 9-10 (Peck, J.).

[45] See generally Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017).

[46] See 42 Pa.C.S. §9799.14(b)(6) and §9799.15(a)(1) (formerly 42 Pa.C.S.§9795.1).

[47] We will note that the version of SORNA which was enacted on February 21, 2018, was in effect at the time of Defendant's conviction and sentence, whereas the previous version of SORNA (enacted on December 20, 2012) was in effect at the time of the commission of Defendant's crimes. However, the two

9

designation framework found to be unconstitutional under <u>Muniz</u> is not implicated here, as the instant Defendant was found only to be a Tier I sex offender, not an SVP.[49] Therefore, we will rely on the Superior Court's recent decision in <u>Com. v. Butler</u>, wherein the defendant's SVP determination was vacated, but the case was remanded for the re-designation of the defendant as either a Tier I, II, or II sexual offender for SORNA purposes. <u>See</u> <u>Commonwealth v. Butler</u>, 173 A.3d 1212 (Pa. Super. 2017).[50] We interpret that case to mean that although an SVP determination is unconstitutional, the designation of a sexual offender based on the Tier-based registration system, and the attendant periods of required registration under each tier, are unaffected. Here, because Defendant was only designated as a Tier I offender, and not designated as an SVP for purposes of the registration requirements under SORNA, his sentence was not in violation of his constitutional rights.

Likewise, Defendant's responsibility under SORNA to register as a sex offender for a period of fifteen years does not unlawfully extend his maximum sentence. Defendant pleaded guilty to five charges that have a total combined maximum allowable sentence of twenty-six years.[51] Defendant was aware of this fact and also that this Court had the ability to run such sentences for each count consecutively if it chose to do so.[52]

---

versions of SORNA are identical as it pertains to Defendant, who would have been designated as a Tier I sex offender and subject to a reporting period of fifteen years under either version of the statute based on his convictions. Since Defendant is not being subjected to any enhanced punishments under the more recent version of SORNA as under the previous version, his *ex post facto* argument fails *ab initio*.

[48] Sexually Violent Predator.

[49] Defendant was not even referred for a determination of whether he met the criteria for SVP. <u>See</u> Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 8-9 (Peck, J.).

[50] This case was accepted for review by the Pennsylvania Supreme Court on July 31, 2018 in order to determine if the Superior Court erred "in vacating the trial court's Order finding Respondent to be a Sexually Violent Predator by extrapolating the decision in <u>Muniz</u> to declare SVP hearings and designations unconstitutional." <u>See</u> <u>Commonwealth v. Butler</u>, 190 A.3d 581(Table), 582 (Pa. 2018) (some parentheticals and citations omitted). Based on the issue as designated in the Court's July 2018 Order granting allowance of appeal, we do not believe that the outcome of such appeal will affect the outcome of the case *sub judice*.

[51] <u>See</u> Transcript of Proceedings, In Re: Guilty Plea/Sentence, March 19, 2018, at pp. 2-5 (Peck, J.).

[52] <u>Id.</u> at 9.

10

III.    CONCLUSION

In light of the foregoing, Defendant has failed to establish that defense counsel was ineffective, and has failed to persuade this Court that the registration requirements under SORNA are unconstitutional as applied to him. Therefore, Defendant's Amended Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act is denied.

BY THE COURT,

_____
Christylee L. Peck, J.

District Attorney's Office
Attorney for Commonwealth

Joshua Yohe, Esq.
Public Defender's Office
Attorney for Defendant

Copies delivered on __NOV 3 0 2018__

11